Moncure, P.,
delivered the opinion of the court. After stating the ease, he proceeded:
There are five assignments of error in the decrees appealed from in this case made in the petition for appeal, which will be examined and disposed of, so far as it may be deemed necessary or proper to do so, in the order in which they are made.
1. The first assignment of error is, that the affidavit on which the attachment is based was defective.
The Code, ch. 148, § 1, page 1009, requires that the affidavit to be made for the purpose of obtaining an attachment on the institution of an action at law, shall, among *567 other thing's, state, that “ affiant believes that the defend--ii -ii. • i • i ant has estate or debts due him within the county or corporation in which the suit is, or that he is sued with a ant residing therein.” And §11 of the same chapter, page 1011-12, requires that the affidavit be made for the purpose of obtaining an attachment on the institution of a suit in equity, may be according to the nature of the case, conforming as near as its nature will admit, to what is specified in previous sections; and such affidavit may be at the time or after the institution of the suit.”
The reason for requiring that the affidavit in the former case shall state that affiant believes that the defendant has estate, &c., within the county, &c., in which the suit is, or that he is sued with a defendant residing therein, is to show that the court of law in which the”aetion is brought has jurisdiction of the case. If it has, as it certainly has, when the defendant against whom the attachment issued either has estate in the county in which he is sued, or is sued with a defendant residing therein; then the attachment, whether it be sued out in an action at law or suit in equity, may (except where it is sued out specially against specified property) be levied upon any estate, real or personal, of the defendant, or so much thereof as is sufficient, &c., whether the same be in the county, <fcc., where the suit is, or in any other, &c. § 7, p. 1010. If it appear from a bill in equity that the court in which the suit is brought has jurisdiction of the case, as it certainly does in this case, then the affidavit on which an attachment is issued in the case need not state that the property on which it is to be levied is situate in the county, &c., in which the suit is brought, but may state that it is situate in' any county of the state. § 7 supra.
If the affidavit had been defective in this case, the remedy for the defect would have been by a motion to quash the attachment. There was no such motion in this case, though the defendant appeared and offered to defend himself in the suit upon the merits.
*568 G0U1’t is therefore of opinion, that there is no error in the decrees appealed from in respect to the matter of the first assignment of error.
2. The second assignment of error is, that the decree of the 20th day of October, 1875, for the sale of the property is erroneous, in that it failed to require an attachment bond, as directed by the Code of 1873, ch. 148, § 24, page 1015.
The said section provides, that if the defendant against whom the claim is has not appeared or been served with a copy of the attachment sixty days before such decree, the plaintiff shall not have the benefit of the preceding section (providing for a sale of the property attached), unless or until he shall have given bond “ with sufficient security,” &c., “ with condition to perform such future order as may be made upon the appearance of the said defendant and his making defence. If the plaintiff fail to give such bond in a reasonable time, the court shall dispose of the estate attached, or the proceeds thereof, as to it shall seem just.”
The certificate of Benjamin Mackall, if it be regarded as evidence, certainly shows that a copy of the attachment was served upon the defendant more than sixty days before the said decree. The attachment consisted of the said summons and the endorsement thereon. And as the defendant was served with a copy, not only of the said summons, but also of the endorsement thereon, he was served with a copy of the said attachment sixty days before said decree.
But must we not regard the said certificate as evidence, at least in the appellate court, as no exception wras taken to it as such in the court below, though the defendant appeared in person and by attorney in the court below and offered to defend himself therein on the merits in the said suit?
We are of opinion that we must; and we are therefore of opinion that there is no error in the decrees appealed from in respect to the matter of the second assignment of error.
*569 3. The third assignment of error is, that “ the circuit court erred in refusing to permit the defendant to make defence, as he asked in his three several petitions.”
By § 27 of ch. 148, of the Code, p. 1015, it is enacted, that “if a defendant against whom, on publication, judgment or decree is rendered under any such attachment, or his personal representative, shall return to or appear openly in this state, he may, within one year after a copy of such judgment or decree shall be served on him at the instance of the plaintiff, or within five years from the date of the decree or judgment, if he be not so served, petition to have the proceedings reheard. On giving security for costs, he shall be admitted to make defence against such judgment or decree as if he had appeared in the case before the same was rendered, except,” &c. “ But this section shall not apply to any case in which the petitioner or his decedent was served with a copy of the attachment, or with process in the suit wherein it issued more than sixty days before the date of the judgment or decree, or to any case in which he appeared and made defence.”
On the 20th day of October, 1875, the decree aforesaid was rendered under the attachment aforesaid against the defendant therein on publication. And thereafter, before there was an effectual sale under the said decree—to wit: on the 26th day of May, 1877—the said defendant, Thos. H. Anderson, personally appeared in court—to wit: the court in which the decree was rendered as aforesaid—and asked leave of the said court to file his petition in writing, together with a plea and answer; to the filing of which petition, plea and answer the plaintiff objected. In the said petition, the said defendant represented that he had a good and valid defence to the claim of the plaintiff against him, to recover which the said suit was brought; asked that the proceedings and decrees in the cause might be reheard, and that he might be permitted to make defence; and tendered as security for costs Samuel J. C. Moore and *570 son, wh0 were willing to become such security. After- . ° . ^ wards, during the same term—to wit: on the 1st day of 1877—the cause came on to be again heard on the PaPers formerly read and the said motion of the defendant Anderson, made at the same term, to file the said petition, ar"f ihe plaintiff’s objection thereto: whereupon, for- reasons appearing to. the court, leave to file said petition was refused. And thereafter, during a subsequent term—to wit: on the 29th day of May, 1878—the cause came on again to be heard upon the papers formerly read, &c.; the said defendant Anderson again presented his petition to the said court in the said cause, stating in substance, among other things, “ that a decree was rendered against him in said cause at October term, 1875, of said court; that petitioner has since returned to and appeared openly in this state; that he has a good defence to the claim of the plaintiff in this cause; which is, 1st, that he has paid said claim; 2d, that the statutes of limitations of this state and of the state of Ohio, where said contract was made, are, and were at the time of the institution of this said suit, a complete bar to the action of the plaintiff. Your petitioner therefore now appearing openly in this state, prays that he may have leave to file this his petition in said cause; that the proceedings in said cause may be reheard, and that he may have leave to set up his said defences to the said action.” And the said defendant tendered S. J. O. Moore and son as security for costs upon his said petition. And the objection of the plaintiff to the filing of said petition was argued by counsel; upon consideration whereof it was decreed that the said objection be sustained and leave to file said petition was refused.
ISTow it is very clear,, that the defendant had a right to appear personally in the said cause in the said court and make his defence therein, as proposed in his said petition, under the said 27th section of ch. 148, of the Code, page 1015, unless he was deprived of that right by the con- *571 eluding portion of that section, which declares : But , . , . , , this section shall not apply to’ any case in which the petitioner, or his decedent, was served with a copy of the .tachrnent, or with process in the suit wherein it issued 7 L ' more than sixty days before the date of the judgment or decree, or to any case in which he appeared and made defence.” The court is of opinion, that the said portion of the said section has no such effect; that the service “with a copy of the attachment or with process in the suit,” therein mentioned, refers to such a service in the proceedings in the suit, and not to a service out of the suit and out of the state; that a service out of the state and out of the suit can have no greater effect than, if so great as, “ an order of publication duly posted and published (Code 1873, ch. 166, §15, page 1087). If then he had a right to make defence after a decree entered upon an order of publication (as he surely had) how could that right be impaired by the alleged service in Ohio? This language is used in the petition for the appeal in this case and seems to be correct.
The court is therefore of opinion, that the circuit court erred in refusing to permit the defendant to make defence as he asked in his petitions as aforesaid.
4. The fourth assignment of error is, that “ the circuit court erred in overruling the petition of J. W. Anderson and others, the purchasers of the land attached, who had acquired an interest therein and an equitable title thereto, before the attachment was sued out.”
By §25 of ch. 148, of the Code, page 1015, it is enacted, that “any person may file his petition at any time before the property attached as the estate of a defendant is sold, or the proceeds of the sale paid to the plaintiff under the decree or judgment, disputing the validity of the plaintiff’s attachment thereon, or stating a claim thereto, or an interest in or lien on the same, under any other attachment or otherwise, and its nature, and upon giving *572 secur^7 ^or costs> the court, without any other pleading, shall empanel a jury to enquire into such claim, and if it be that the petitioner has title to, or a lien on, or any *n*eresk such property or its proceeds, the court shall make such order as is necessary to protect his rights; the costs which enquiry shall be paid by either party, at the discretion of the court.”
J. W. Anderson, George W. Anderson, David E. Anderson and Eliza C. Jackson, filed their petition by leave of the court, in the said cause, before the proceeds of sale of the said land were disposed of under a decree of the court in the said cause—to wit: at February term of said court, 1877—in which petition they represented, in substance, that they were purchasers for valuable consideration of the tract of land attached in this cause; that they purchased it before the institution of this suit and were advised their title to it was good against the claim of the attaching creditor. They exhibited with their petition the contract of sale to them from the defendant, dated the 5th day of May, 1873, for said land, which never was admitted to record in Clarke county, Virginia; and'as they were non-residents of the state, they did not know (as they stated in their petition) that under any provisions of the laws of said state such contracts could or should be admitted to record. They further represented, that subsequent to said purchase, they complied with its terms by paying the purchase money, and on the 22d day of January, 1876, a deed was executed conveying said land to them, which deed was also exhibted with said petition. They said they were advised that their title to said land is good against said attaching creditor, and they prayed for special and general relief against the same.
Samuel J. C. Moore and son entered themselves as security for costs in said petition; and the contract of sale and deed for the land, referred to in the petition, were exhibited therewith; and it was ordered that so much of the *573 decree rendered in the cause as directed a sale of the land be suspended until the further order of the court.
On the 29th day of May, 1878, the cause came on be again heard upon the papers formerly read, the petition of J. W. Anderson, George W. Anderson and Eliza C. Jackson, and the exhibits filed therewith, claiming the property attached in this cause, &c. And the court, being of opinion that the complainant, as against the petitioners, J. W. Anderson, G. W. Anderson and ah, claiming the land attached in this cause, is entitled to subject said land to the payment of their said debt, decreed that unless payment should be made within thirty days of the rising of the court of the debt and interest due by the defendant to the plaintifi as aforesaid, then the sheriff should make •sale of the said laud, in the manner and on the terms aforesaid, and report the same to the court.
The court is of opinion that the circuit court erred in disposing of the case as it did in regard to the said petition without the intervention of a jury, but that instead of doing so, the said circuit court, as directed by section 25 -of chapter 148 of the Code as aforesaid, should, upon the petitioners giving security for costs, and without any other pleading, have empanelled a jury to enquire into such ■claim; and if it had been found that the petitioners had title to such property, the court should have made such order as was necessary to protect their rights.
5. The fifth assignment of error is, that “the circuit court erred in entering any decree for the complainant after his non-residence has been suggested and security for cost required.” On the 31st day of May, 1876, on the motion of the defendant, it was ordered that the complainant, who was suggested to be a non-resident of this state, give security for the costs within sixty days from that date. The Code (p. 1161, §2,ch. 181) provides that “aftersixty days from such suggestion,” the suit shall, by order of the court, be dismissed, unless, before the dismission, the plain *574 tiff be proved to be a resident of the state, or security be given before said court or the clerk thereof for the payment, of the costs and damages which may be awarded to the defendant, and for the fees due, or to become due, in such suit to the officers of the court.”
Although more than sixty days elapsed after such suggestion, and the plaintiff was not proved to be a resident of this state, nor was security given before said court, or the clerk thereof, for the payment of the costs,, &c., as aforesaid, yet the suit was not, by order of the said court, dismissed; but, on the contrary, the court proceeded further in the case until the decree of the 29th day of May, 1878, was entered for the sale of the said land for the payment of the claim of the plaintiff, unless payment thereof should be made within thirty days-from the rising of the said court.
The court is of opinion that the circuit court erred in regard to the matter of the said 5th and last assignment' of error.
The court is therefore of opinion that so much of the decrees appealed from in this case as are inconsistent with the foregoing opinion are erroneous, and ought to be reversed and annulled, and that the residue thereof is not erroneous, and ought to be affirmed; and that the cause ought to be remanded to the said circuit court for further proceedings to be had therein, in conformity with the said opinion.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the decrees appealed from are erroneous on the grounds taken in the 3d, 4th and 5th assignments of error in the petition for the appeal in this caso: but are not erroneous on the grounds taken in the 1st and 2d assignments of error in said petition, or either of them, or any other ground.
*575 Iu regard to the 3d assignment of error, that “ the eircuit court erred in refusing to permit the defendant to make defence as he asked in his three several this court is of opinion that, as stated in the said petition for the appeal, “ when petitioner appeared openly in the state and petitioned to have the cause reheard, tendering security for the costs, he had a right to be admitted to make defence against the action as if he had appeared in the cause before the decree was rendered. (Code 1873, ch. 148, § 27, p. 1015.)”
In regard to the 4th assignment of error, that “thecircuit court erred in overruling the petion of J. W. Anderson and others, the purchasers of the land attached, who had acquired an interest therein and an equitable title thereto, before the attachment was sued out.” This court is of opinion that the said petition having been filed by leave of the said circuit court in this cause before the proceeds of the sale of the said land were disposed of under a decree of the court in the said cause, disputing the validity of the plaintiff’s attachment thereon and stating a claim thereto, or an interest in or lien on the same, and its nature, and giving security for costs, in compliance with the requisitions of the 25th section of chapter 148 of the Code of 1873, page 1015, the said circuit court erred in not impanelling a jury, without any other pleading, to en-quire into the said claim; and if found that the said petitioners had title to or a lien or any interest in said land or ■ its proceeds, making such order as might have been necessary to protect the rights of said petitioners, according to the directions of the said 25th section; and instead of doing so, in deciding, without the intervention of a jury, that the plaintiff, as against the said petitioners, claiming the land attached in this cause, is entitled to subject the same to the payment of the claim for which it is so attached.
In regard to the 5th assignment of error, that “ the circuit court erred in entering any decree for complainant *576 a^ter non-residence has been suggested and security for costs required.” On the 31st day of May, 1876, on the of the defendant, it was ordered that the complainant> w^° was suggested to be a non-resident of this state, give security for the costs within sixty days from that date. The Code, p. 1161, § 2, ch. 181, provides that “after sixty days from such suggestion, the suit shall, by order of the court, be dismissed, unless, before the dismission, the plaintiff be proved to be a resident of the state, or security be given before said court, or the clerk thereof, for the payment of the costs and damages which may be awarded to the defendant, and for the fees due, or to become due, in such suit to the officers of the court.” Although more than sixty days elapsed after such suggestion, and the plaintiff was not proved to be a resident of the state, nor was security given before said court, or the clerk thereof, for the payment of the costs, Ac., as aforesaid, yet the suit was not, by order of the said court, dismissed, but, on the contrary, the court proceeded further in the case until the decree of the 29th day of May, 1878, was entered for the sale of the said land for the payment of the claim of the plaintiff, unless payment thereof should be made within thirty days from the rising of the said court.
Therefore it is decreed that the decrees appealed from be reversed and annulled so far as they are hereinbefore declared to be erroneous, and be affirmed so far as they are hereinbefore declared not to be erroneous; and that the cause be remanded to the said circuit court for further proceedings to be had therein to a final decree in conformity with the foregoing opinion and decree. . ■
But the suit shall not be dismissed on account of the failure to give security before said court, or the clerk thereof, for the payment of the costs and damages which may be awarded to the defendant, and for the fees due, or to become due,.in such suit to the officers of the court, as aforesaid, unless such failure shall continue to exist after *577 the expiration of a reasonable time which shall be afforded by order of the said court for giving such security.
And it is further decreed and ordered that the appellee pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here.
Which is ordered to be certified to the said circuit court •of Clarke county.
Decree reversed.