## JOHN F. CHAGNON

### V.

## SHELDON C. HOFFERMAN, TRUSTEE, ET AL.

Record No. 821393

October 11, 1985

Present: All the Justices

*Ronald P. Maddox (Kathleen A. Brown,* on brief), for appellant.

*Marc A. Busman (Schmidt & Busman,* on brief), for appellees.

POFF, J., delivered the opinion of the Court.

The dispositive issue on this appeal is whether the chancellor erred in dismissing a bill of complaint filed by a non-resident complainant against a resident respondent because the complainant failed to file a bond as security for costs and damages.

On February 9, 1981, John F. Chagnon, a resident of the District of Columbia, filed a bill of complaint against Sheldon C. Hofferman, a Virginia resident. Chagnon alleged that he had executed a deed of trust securing a note in the sum of $27,950.00; that Hofferman, the noteholder, had orally agreed to defer payment of certain overdue installments; and that, in violation of this agreement, Hofferman had instructed the trustee to advertise the property for sale at public auction. The complainant alleged further that Hofferman never notified him that the balance of the note was due; that Hofferman had failed to give notice of the foreclosure sale as required by Code § 55-59(1); and that Hofferman had purchased the property at the sale for $3,300.29, "a fraction

of its actual value", all without Chagnon's knowledge. Charging that Hofferman had schemed to "fraudulently deprive Mr. Chagnon of his property, willfully and with malice", Chagnon asked the chancellor to order Hofferman to reconvey the property to him and to pay $50,000.00 in punitive damages "for the wanton, willful, malicious and fraudulent acts of the defendant".

Hofferman timely filed a suggestion of non-residency, suggesting that Chagnon was obligated by statute to post a bond for costs and damages "in at least the sum of $24,896.76 . . . said sum representing the deficiency sought by three (3) attachments presently pending in the Circuit Court of Fairfax County, Virginia".

On March 23, 1981, Hofferman filed an answer, grounds of defense, and a counterclaim. In the counterclaim, he alleged that Chagnon's action in filing a *lis pendens* in the Prince William County land records constituted "slander of title" and demanded $15,000.00 in compensatory damages. He further alleged that he had acquired a deficiency judgment in the sum of $24,218.66 in the Fairfax court and asked the Prince William court to enter judgment in his favor for $39,218.66 in compensatory damages and $75,000.00 in punitive damages.

On April 5, 1982, Hofferman moved to dismiss the cause "unless the Plaintiff . . . posts security for costs and damages in at least the sum of THIRTY-NINE THOUSAND AND NO/100 DOLLARS ($39,000.00)". At the hearing on this motion, Chagnon requested the chancellor to set the amount of the bond. The chancellor declined to do so, dismissed both the bill of complaint and the counterclaim, and denied Chagnon's motion to reconsider.

The chancellor based his decision upon a finding that Chagnon had failed to post a bond as required by Code § 14.1-185. That statute reads in part as follows:

> In any suit or action . . . there may be a suggestion on the record in court . . . by a defendant . . . that the plaintiff is not a resident of this State and the [sic] security is required of him. After sixty days from such suggestion, the suit or action shall, by order of the court, be dismissed, unless, before the dismission, the plaintiff be proved to be a resident of the State or security be given before the court . . . for the payment of the costs and damages . . . which may be

awarded to the defendant, and of the fees due, or to become due, in such suit or action to the officers of the court. . . .

On appeal, Chagnon argues that the chancellor erred in dismissing his suit without first fixing the amount of the bond required of him.* We agree.

Under Code § 14.1-185, when a Virginia resident, named as a defendant in a suit or action brought in a Virginia court by a non-resident plaintiff, files a suggestion of non-residency, the plaintiff is required to post a bond for costs and damages. If he fails to do so within 60 days, the statute authorizes the court to dismiss the case. The court cannot, however, exercise that authority if "before the dismission . . . security be given".

On brief, Hofferman agrees that "the Plaintiff may give the required security at any time before the dismission even though sixty days have elapsed since the filing of the suggestion." He argues, however, that Chagnon failed to "give or tender security prior to dismission". We find no merit in his argument. Security cannot be given or tendered, of course, until the amount required has been determined. At one point, Hofferman suggested a bond "in at least the sum of $24,896.76". Later, he demanded a bond of "at least" $39,000.00. At the hearing on Hofferman's motion to dismiss, Chagnon asked the chancellor to fix the amount of the bond required. The chancellor declined to do so and dismissed the suit. We hold that the chancellor misapplied the statute.

Our decision is controlled by an opinion of the General Court of Virginia published in the eighteenth century. In *Goodtitle* v. *See*, 3 Va. (1 Va. cas.) 123 (1799), the trial court had dismissed a non-resident's suit against a Virginia resident because the plaintiff failed to post a bond for costs within 60 days after the court's order to do so. The General Court ruled that "as the plaintiff in this cause was ready to give security for the costs before the cause was dismissed, the county court ought to have permitted him to do so, and not to have dismissed his suit, and that the said suit ought to be reinstated in the said district court". *Id.* at 124.

---

*Chagnon also makes a constitutional attack on that provision of the statute which requires non-resident plaintiffs to post a bond for *damages* that may be awarded to a resident defendant. Alternatively, he argues that Hofferman waived his right to any bond by waiting 14 months after filing the suggestion of non-residency before asking for a hearing on his motion to dismiss. We find it unnecessary to reach these questions.

See also *Vance* v. *Bird*, 18 Va. (4 Munf.) 364 (1815); *Anderson* v. *Johnson*, 73 Va. (32 Gratt.) 558, 576-77 (1879).

■ Code § 14.1-185 and its statutory ancestors were designed, not to deny non-residents access to Virginia's courts, but "to insure to the defendant and to the officials of the court the payment of costs which may be awarded against a nonresident plaintiff against whom the court has no means of enforcing a collection." *Outlaw* v. *Pearce*, 176 Va. 458, 464, 11 S.E.2d 600, 603 (1940).

■ Applying the language of the statute as we have construed it, we will reverse the decree and remand the cause with instructions to reinstate the bill of complaint and fix the amount of the bond in accordance with the views expressed in this opinion.

*Reversed and remanded.*