## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Mary Jo Williams

v.

Linda D. Orr

December 4, 1996

Case No. CH95-555

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this suit for an accounting, the complainant moves for summary judgment on the ground that admissions in the defendant's pleadings and discovery responses establish that the defendant has a duty to account for more than $140,000.00 that came into her hands during the times she was acting as fiduciary for her mother and her mother's estate.

### Background Facts

Anthony C. Buemi died intestate in 1985 in Lexington, Kentucky. He was survived by his wife, Josephine, and two adult children, Williams and Orr, the parties in this litigation. Josephine qualified as administratrix of the estate of Anthony C. Buemi in Kentucky.

In 1986 Josephine moved to Spotsylvania County, Virginia, to live with Orr. In 1991 she executed a general power of attorney designating Orr as her attorney-in-fact. Acting under that power of attorney, Orr sold a house and household furnishings allegedly belonging to Josephine in Kentucky. She received amounts totalling $141,852.10 from those sales.

Josephine died testate in Spotsylvania County on August 9, 1992. Williams attempted to probate the will in Lexington, Kentucky, but the probate proceeding was dismissed on the ground that Josephine was a resident of

Virginia at the time of her death. Orr then probated the will in this court and qualified as executrix on April 25, 1995.

Meanwhile, in Kentucky, a successor administrator was appointed for the estate of Anthony C. Buemi because Josephine had not settled that estate before she died. Williams and Orr engaged in litigation in Kentucky regarding that matter. By order dated July 13, 1995, the Probate Division of Fayette County District Court vacated the appointment of the successor administrator, accepted an "informal settlement" of accounts submitted by Orr on behalf of her deceased mother, and discharged the fiduciary.

Williams initiated this suit on November 22, 1995, demanding an accounting from Orr of (1) all assets of the estate of Anthony C. Buemi, (2) assets that came into her possession while she served as attorney-in-fact for Josephine, and (3) all assets in Josephine's estate. She also asked for other relief, but, essentially, the suit is for an accounting against a fiduciary under Virginia Code § 8.01-31.

Orr responded, denying that she had converted any property to her own use.

At a pretrial hearing on various motions held on February 20, 1996, the court ruled on a number of discovery issues and sought to narrow the scope of this litigation by imposing limits on discovery propounded by Williams that was related to the Anthony C. Buemi estate, which had been the subject of litigation between these parties in Kentucky.

On September 11, 1996, Williams filed a motion for summary judgment. She contends that Orr should be held accountable for $141,852.10 she admittedly received from the sale of Josephine's assets under the power of attorney. Orr filed a memorandum in opposition to the motion.

*Decision*

In Virginia an interested party can compel an accounting of a fiduciary by suit in equity. Virginia Code § 8.01-31. An attorney-in-fact is a fiduciary. An agent, i.e., a fiduciary, has a duty to account for his receipts, payments, and disbursements and for all other transactions conducted on behalf of his principal. 1A M.J., *Agency*, § 67.

An executor likewise is a fiduciary, of course, and has a duty to account for assets and liabilities of the estate under his administration. 8A M.J., *Executors and Administrators*, § 193 et seq. Hence, Orr has a duty to account to Williams, a beneficiary of Josephine's estate, for assets that came into her hands as executrix of that estate. See 8A M.J., *Executors and Administrators*, § 201.

"Assets" are not limited to tangible property and money. Debts due the decedent are assets, and it is the responsibility of an executrix to collect them. Therefore, if, as Williams claims, Orr converted Josephine's assets to her own use shortly before Josephine died, the right to recover for such conversion is itself an asset ("chose in action") of Josephine's estate. (A debt due from an executor or administrator is not released or extinguished, as at common law, by the appointment of the debtor but becomes an asset in his hands. See *Glens Falls Indemnity Co. v. Wall*, 163 Va. 635 (1934); also see 8A M.J., *Executors and Administrators*, § 16.)

None of the basic facts to which the above-stated legal principles apply seem to be disputed.

Nevertheless, there *are* material facts genuinely in dispute.

Orr has admitted that (1) she disposed of more than $140,000.00 worth of her mother's property in the spring of 1992 while acting as attorney-in-fact, and (2) she cannot provide detailed documentary evidence of the distributions of those monies. However, she steadfastly maintains that she spent the money for the support and care of Josephine and denies that she squandered, wasted, lost, or converted any of it.

Williams seems to suggest in her motion for summary judgment that if a fiduciary cannot provide contemporaneously-prepared documentary proof of all receipts and disbursements, the fiduciary is liable in a suit for an accounting. That position is without merit. Although the law holds a fiduciary, especially a personal representative of a decedent's estate, to strict accountability, a court of equity will not deny justice to a fiduciary where it appears that the fiduciary is guilty of no wrongdoing or misconduct. Perhaps the fiduciary can persuade the fact-finder, by reference to sources of proof other than contemporaneously-prepared records, that she appropriately used Josephine's funds for Josephine's care, support, and proper expenses. The court finds no authority for the proposition that a fiduciary should be denied a trial on the merits under such circumstances.

Summary judgment is available when the dispute involves only questions of law or when there is no material fact genuinely in dispute. Rule 2:21. Its purpose is to bring litigation to an end at an early stage in cases in which no trial is necessary because no evidence could affect the result. In this case, as explained above, Orr disputes that she converted assets belonging to Josephine or to Josephine's estate to her own use. She is entitled to a trial.

*Orr's Motion for Dismissal Based on Laches and Estoppel*

In response to Williams' motion for summary judgment, Orr moves the court to dismiss the suit based on laches and estoppel. Orr notes in her motion that Josephine's property was sold in 1992, that Josephine died later that same year, that Williams attempted unsuccessfully to probate Josephine's will in Kentucky, and that Williams otherwise has allowed too much time to elapse while fully aware of the facts regarding her mother's assets.

These assertions have not been admitted by Williams. They involve issues of fact, not law. Therefore, for essentially the same reasons that the court denies Williams' motion for summary judgment, Orr's motion to dismiss must be denied.

*Orr's Renewed Motion under § 14.1-185*

Although Orr contends that the bond provision in Virginia Code § 14.1-185 is mandatory, it is plain that a court should require security of a nonresident plaintiff only when it appears that there may be payment of costs and damages awarded to the defendant. The statute is designed to insure to the defendant and officials of the court the payment of costs which may be awarded against a nonresident plaintiff against whom a court has no means of enforcing a collection. *Chagnon v. Hofferman*, 230 Va. 176 (1985). The "costs" recited in Orr's motion are attorney's fees, which are seldom recoverable as "costs" in Virginia. She has cited no authority for the proposition that she would be entitled to an award of attorney's fees if she prevails in this litigation. The only real "costs" that are foreseen at this juncture are commissioner's fees. In light of the court's denial of Williams' motion for summary judgment and Orr's motion to dismiss, this case must go to trial on the merits in an expeditious manner. Normally, in equity cases of this sort, this court refers the controversy to a commissioner in chancery pursuant to Virginia Code § 8.01-610 *et seq*. That will be done in this case. If counsel can agree upon a commissioner, an estimate of his or her fee should be obtained, based on probable length of the evidentiary hearing and complexity of the issues in dispute. Typically, each party advances one-half of the estimated fee, subject to allocation of costs at the conclusion of the case. The court agrees with Orr that Williams should be required under § 14.1-185 to provide security for the estimated amount of the commissioner's fee and cost of the transcript of the evidentiary hearing once an estimate of those amounts are ascertained by counsel.